IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
June 6, 2025

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**LISA FRICK,**
**Petitioner Below, Petitioner**

**v.) No. 24-ICA-381** (Fam. Ct. Berkeley Cnty. Case No. FC-02-2024-D-118)

**TERRY FRICK,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lisa Frick ("Wife") appeals the Family Court of Berkeley County's September 5, 2024, final divorce order. Respondent Terry Frick ("Husband") responded in support of the family court's decision.[1] Wife did not file a reply. The issues on appeal are which party should receive the marital pets, division of the parties' retirement accounts, and Husband's alleged failure to return certain personal property items to Wife.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on August 14, 1983, and separated on or about February 16, 2024. Two children were born of the marriage, but both have reached the age of majority. The final divorce hearing was held on August 8, 2024. Prior to the hearing, the parties reached an agreement on most issues, including how their respective retirement accounts would be divided. At that hearing, the parties placed their agreement on the record. The primary issue of discord was which party should receive the marital pet dogs, Bailey and Cooper. Wife argued that both dogs were registered to her as emotional support animals, she paid approximately $600 for Bailey, and the dogs would grieve if separated. Husband, in turn, argued that Wife had them registered as her emotional support dogs merely two months prior to the hearing. The family court ruled that Wife was granted Bailey and Husband would receive Cooper.

On August 12, 2024, Wife's attorney submitted a proposed final order reflecting the parties' agreement and the court's ruling on the pets along with a 22(b) notice. On August

---

[1] Both parties are self-represented.

1

21, 2024, Wife filed a letter with the family court asking it to reconsider its ruling on the dogs and how the parties' retirement was divided. The family court entered its final divorce order on September 5, 2024, which included findings of fact and conclusions of law, which are summarized below:

- Wife shall receive the dog, Bailey.
- Husband shall receive the dog, Cooper.
- Wife shall receive her Federal Employees Retirement System ("FERS") and Thrift Savings Plan ("TSP") retirement accounts, except that Husband shall receive $40,094.60 from Wife's TSP account, via Qualified Domestic Relations Order ("QDRO").
- Husband shall receive his 167th TRF Federal Credit Union ("167th TRFFCU") and West Virginia Teachers' Retirement System ("WVTRS") retirement accounts.
- Husband shall receive exclusive ownership of the marital home and be solely responsible for all associated costs.
- Husband was to provide Wife with items from a list of her personal belongings after the final hearing.

It is from the September 5, 2024, final divorce order that Wife now appeals.

For these matters, we apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

Wife raises four assignments of error on appeal, two of which are similar and will be consolidated. *See generally Tudor's Biscuit World of Am. v. Critchley,* 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating that "the assignments of error will be consolidated and discussed accordingly").

First, Wife asserts that the family court erroneously failed to hear or consider certain evidence concerning which party should receive the dogs and that her attorney failed to provide certain information to the court regarding the dogs. We disagree. Upon review of

the hearing, the family court heard both parties' arguments over the course of a lengthy hearing and properly determined which evidence was salient to the issues being considered and the weight such evidence should be afforded. Though Wife disagrees with the family court's decision, we cannot conclude that the court's findings were clearly wrong or the application of the facts to the law was an abuse of discretion. "An appellate court may not . . . weigh evidence as that is the exclusive function and task of the trier of fact." *In re the Marriage/Child. of Matt N. v. Michele I.*, No. 14-0090, 2014 WL 6724758, at *5 (W. Va. Nov. 25, 2014) (memorandum decision) (citing *State v. Guthrie,* 194 W. Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n.9 (1995)).

In her second and fourth assignments of error, Wife contends that Husband erroneously received a portion of the 167th TRFFCU account even though it was in her name and that Husband erroneously received $40,094.60 of her TSP retirement account. Wife's argument is misplaced. West Virginia Code § 48-1-233(1) (2001) defines marital property as follows:

> All property and earnings acquired by either spouse during a marriage, including every valuable right and interest, corporeal or incorporeal, tangible or intangible, real or personal, regardless of the form of ownership, whether legal or beneficial, whether individually held, held in trust by a third party, or whether held by the parties to the marriage in some form of co-ownership such as joint tenancy or tenancy in common, joint tenancy with the right of survivorship, or any other form of shared ownership recognized in other jurisdictions without this state, except that marital property does not include separate property as defined in section 1-238[.]

West Virginia Code § 48-7-101 (2001) then directs "[e]xcept as otherwise provided in this section, upon every judgment of annulment, divorce or separation, the court shall divide the marital property of the parties equally between the parties." Here, the parties reached a settlement agreement reflecting the equal division of their respective retirement accounts and their agreement was recited on the record. Wife's attorney explained during the hearing how each party would receive fifty percent of all marital assets, regardless of whose name is on the property, and explained the numbers with precision. Wife agreed with her attorney's recitation, stated she understood it, and stated that she was not forced into the agreement. "Once a competent party makes a settlement and acts affirmatively to enter into such settlement, his second thoughts at a later time as to the wisdom of the settlement does not constitute good cause for setting it aside." *Moreland v. Suttmiller*, 183 W. Va. 621, 625, 397 S.E.2d 910, 914 (1990). For these reasons, we affirm the family court's decision to incorporate the parties' settlement agreement into the final divorce order.

In her third assignment of error, Wife argues that certain personal property was not returned to her and that her counsel commented during the hearing that the parties should move on instead of talking about thirty-year-old furniture. We decline to rule on this issue

3

because the family court, and not this Court, has jurisdiction to enforce compliance with its orders. See generally, West Virginia Code § 51-2A-9 (2012) (addressing the contempt powers of family courts).

Accordingly, we affirm the family court's September 5, 2024, final divorce order.

Affirmed.

**ISSUED:** June 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

4